**GAZES LLC**
**Attorneys for the Chapter 7 Trustee of Fortunoff**
**Holdings, LLC and Fortunoff Card Company LLC**
**32 Avenue of the Americas**
**New York, New York 10013**
**(212) 765-9000**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FORTUNOFF HOLDINGS, LLC, and<br>FORTUNOFF CARD COMPANY, LLC,<br><br>                    Debtors. | Chapter 7 (Converted)<br><br>Case No. 09-10497 (RDD)<br><br>(Jointly Administered) |
| IAN J. GAZES AS CHAPTER 7 TRUSTEE OF THE ESTATE OF FORTUNOFF HOLDINGS, LLC, and FORTUNOFF CARD COMPANY, LLC,<br><br>                    Plaintiff,<br><br>      v.<br><br>Renaissance Diamond Corp.,<br><br>                    Defendant. | Adv. Pro. No. (RDD) |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Ian J. Gazes, as the chapter 7 Trustee (the "Trustee") of the estates of Fortunoff Holdings LLC ("Fortunoff Holdings") and Fortunoff Card Company, LLC ("Fortunoff Card" and with Fortunoff Holdings, the "Debtors"), by his attorneys, Gazes LLC, states as follows, in support of his complaint (the "Complaint") against Renaissance Diamond Corp. (the "Defendant"):

**NATURE OF THE ACTION**

1.      The Complaint seeks to avoid and recover pursuant to sections 547(b) and 550(a) of title 11 of the United States Code (the "Bankruptcy Code") certain transfers made by Fortunoff Holdings to the Defendant in the ninety (90) day period preceding the filing of the Fortunoff Holdings' bankruptcy case and to disallow any claim of the Defendant against the estate of Fortunoff Holdings pursuant to section 502(d) of the Bankruptcy Code. 11 U.S.C. §§ 502, 547(b) and 550(a).

## JURISDICTION, VENUE, STAUTORY PREDICATES AND PARTIES

2.      The Court has jurisdiction over this adversary proceeding, which arises under the Bankruptcy Code, pursuant to sections 157 and 1334 of title 28 of the United States Code.  28 U.S.C. §§ 157 and 1334.

3.      The adversary proceeding is a core proceeding pursuant to section 157 of title 28 of the United States Code. 28 U.S.C. § 157.  Venue in this District is proper under section 1409(a) of title 28 of the United States Code. 28 U.S.C. § 1409(a).

4.      The statutory predicates for this adversary proceeding are sections 502, 547, and 550 of the Bankruptcy Code. 11 U.S.C. §§ 502, 547, and 550.

5.      Upon information and belief, the Defendant is a corporation, limited liability company or other business entity and not an individual.

## BACKGROUND

6.      On February 5, 2009 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  By order dated February 6, 2009, the Court directed the joint administration of the Debtors' bankruptcy cases [Main Case Docket No. 32].

7.      On October 1, 2009, the Court entered an order converting the Debtors' chapter 11 bankruptcy cases to liquidation proceedings under chapter 7 [Main Case Docket No. 945].  Thereafter, Ian J. Gazes was appointed interim chapter 7 trustee and now serves as the permanent trustee in these cases.

2

## COUNT I – TO AVOID PREFERENTIAL TRANSFERS
## PURSUANT TO 11 U.S.C. § 547(b)

8. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 7 above as if fully set forth herein.

9. Within the 90 days preceding the Petition Date, Fortunoff Holdings made certain transfers (the "Transfers") to the Defendant in the aggregate amount of $169,408.57 by checks issued by Fortunoff Holdings and drawn on funds of Fortunoff Holdings on the dates and in the amounts set forth on Exhibit "A" to the Complaint which is incorporated by reference herein.

10. Each of the Transfers was in payment of and fully satisfied a debt (a) owed by Fortunoff Holdings to the Defendant and (b) incurred prior to the Transfer. A listing of each debt, including the corresponding invoice date, invoice number and invoice amount, satisfied by the Transfers is set forth on Exhibit A.

11. By reason of ¶ 10 *supra*, each of the Transfers was made (a) to or for the benefit of the Defendant, a creditor of Fortunoff Holdings and (b) on account of an antecedent debt.

12. The Transfers were each made while Fortunoff Holdings was insolvent. Under section 547(f) of the Bankruptcy Code, Fortunoff's Holdings is presumed to have been insolvent at the time each of the Transfers was made. 11 U.S.C. § 547(f). Fortunoff Holdings' financial statements, adjusted for asset fair value and for off balance sheet liabilities, show that Fortunoff Holdings liabilities exceeded its assets throughout the 90 day period preceding the Petition Date.

13. Each Transfer enabled the Defendant to receive more than it would have if (a) the Transfer had not been made; (b) Fortunoff Holdings' bankruptcy case were a case under chapter 7 of the Bankruptcy Code; and (c) the Defendant received payment of its debt to the extent provided for under the Bankruptcy Code. As set forth on Exhibit A, each Transfer satisfied in full one or more antecedent debts owed by Fortunoff Holdings to the Defendant. With respect to each of the Transfers, if the Transfer had not been made, the Defendant

3

would have been entitled to a general unsecured non-priority claim for the amount of the Transfer. General unsecured non-priority claims in Fortunoff Holdings' chapter 7 case will receive a distribution of less than 100% of the claim amount. Further, because Fortunoff Holdings was insolvent as of the Petition Date, as set forth in ¶ 12 *supra*, the estate of Fortunoff Holdings had insufficient assets to pay in full all of the claims against it as of the Petition Date.

14. None of the Transfers satisfied a debt incurred under an executory contract or unexpired leased that was subsequently assumed or assigned by the Debtors.

15. By reason of the foregoing, each of the Transfers should be avoided and set aside as preferential.

### COUNT II – TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15 above as if fully set forth herein.

17. Defendant was the initial transferee of each of the Transfers. *See* Exhibit A.

18. Pursuant to section 550 (a) of the Bankruptcy Code, the Trustee is entitled to recover from Defendant an amount to be determined at trial that is not less than $169,408.57 plus interest thereon to the date of payment and the costs of this action. 11 U.S.C. § 550(a).

### COUNT III– TO DISLLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18 above as if fully set forth herein.

20. Pursuant to section 502(d) of the Bankruptcy Code, any claims of Defendant against the estate of Fortunoff Holdings must be disallowed until such time as Defendant pays to the Trustee an amount equal to the Transfers. 11 U.S.C. § 502(d).

4

**WHEREFORE** Plaintiff respectfully requests that this Court enter judgment against Defendant (1) pursuant to section 547(b) of the Bankruptcy Code, avoiding the Transfers; (2) pursuant to section § 550(a) of the Bankruptcy Code, directing Defendant to pay to the Trustee an amount to be determined at trial that is not less than $169,408.57, plus interest and costs; (3) pursuant to section 502(d) of the Bankruptcy Code, disallowing any claim of Defendant against the Fortunoff Holdings' estate and (4) granting to the Trustee such other and further relief as may appear just and proper.

Dated: New York, New York
February 3, 2011

GAZES LLC

By: /s/ Ian J. Gazes
Ian J. Gazes
32 Avenue of the Americas, 27th Floor
New York, New York 10013
(212) 765-9000

Attorneys for the Chapter 7 Trustee

EXHIBIT A

| Payee / Creditor | Check / Wire / Invoice | Check # | Clear Date | Verified Amount | Invoice # | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|---|
| RENAISSANCE DIAMOND CORP | Check | 303849 | 12/16/2008 | 27,760.54 | | | |
| RENAISSANCE DIAMOND CORP | Invoice | 303849 | | | 1826 | 10/23/2008 | 27,760.54 |
| RENAISSANCE DIAMOND CORP | Check | 304029 | 12/22/2008 | 48,648.86 | | | |
| RENAISSANCE DIAMOND CORP | Invoice | 304029 | | | 1785 | 10/20/2008 | (486.44) |
| RENAISSANCE DIAMOND CORP | Invoice | 304029 | | | 1785 | 10/20/2008 | 49,135.30 |
| RENAISSANCE DIAMOND CORP | Check | 304368 | 1/6/2009 | 92,512.73 | | | |
| RENAISSANCE DIAMOND CORP | Invoice | 304368 | | | 1854 | 12/5/2008 | 92,512.73 |
| RENAISSANCE DIAMOND CORP | Check | 304768 | 1/16/2009 | 486.44 | | | |
| RENAISSANCE DIAMOND CORP | Invoice | 304768 | | | R20615 | 1/6/2009 | 486.44 |
| **RENAISSANCE DIAMOND CORP Total** | | | | **169,408.57** | | | **169,408.57** |